JOHN SEGELKEN, by his guardian ad litem, Respondent, *v.*
OTTO MEYER, Appellant.

*Infant—right of, to sue by his guardian ad litem.*

On January 2, 1873, the defendant, who had been and was then acting as attorney for the plaintiff's mother, who was the administratrix of her deceased husband, and the general guardian of his children, gave to her a receipt stating that there was due to her as guardian of her children, the sum of $1,500, and as next of kin of two deceased children, $1,000, "payable according to a decree of the Surrogate of the county of New York, interest to be paid on the money," semi-annually. The decree directed the shares to be paid to the general guardian of the infants. The plaintiff's mother died in 1876. On July 19, 1877, Andrew Koch was appointed general guardian, and on October 15, 1877, guardian *ad litem* for the plaintiff.

*Held,* that the plaintiff could, by his guardian *ad litem,* maintain an action against the defendant to recover his share of the fund received by the latter from the plaintiff's mother.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought against the defendant, Otto Meyer, an attorney and counselor-at-law, to recover the share of John Segelken, the infant plaintiff, in certain moneys held by him, and for which he had given to the plaintiff's mother the following receipt:

"Due Mrs. Gesche Segelken, as guardian of her children, Gesche, John and Carsten Segelken, the sum of fifteen hundred dollars, and as next of kin of Adeline and Sophie Maria the sum of one thousand dollars, payable according to a decree of the Surrogate of

the County of New York, interest to be paid on the money to Mrs. Segelken July and January 1st of each and every year.

"January 2d, 1873. OTTO MEYER."

The plaintiff claimed that the money for which this due-bill was given, came from the money belonging to the estate of his father, who had died intestate in 1874, leaving him surviving five children—the plaintiff, Carsten, Gesche, Adeline and Mary Segelken, and a widow, and that the defendant received the money while acting as the attorney for the widow, who was the administratrix of the husband, and the general guardian of his children. On January 2, 1873, Gesche Segelken, the widow, had an accounting with the defendant, and it was found that the defendant was indebted to Gesche Segelken, as guardian of her children, in the sum of $1,500, and as next of kin of Adeline and Mary S., who had died intestate and unmarried, in the sum of $1,000, of which sum the plaintiff's share was $750. The widow died December 21, 1876, and thereafter, and on July 19, 1877, Andrew Koch was appointed general guardian of the plaintiff, and on October 15, 1877, his guardian *ad litem.*

*A. R. Dyett,* for the appellant.

*Christian G. Moritz,* for the respondent.

BARNARD, P. J.:

The right of the infant by his guardian *ad litem* to bring this action, was decided by this court in *Segelken* v. *Meyer,* 21 Supreme Court (14 Hun), 593.

The facts establish a just claim. The plaintiff is an infant son of John Frederic Segelken. He died in 1864 without a will, leaving a widow and five children, all infants. The widow was appointed administratrix of her deceased husband, and general guardian of all of his children. The estate was settled by final decree in 1870, and the plaintiff, as one of the children of deceased, was decreed entitled to $750 for his share of the father's estate, including his share of such portion as was inherited from two of his sisters who died intestate, unmarried, and under age. The defendant was the lawyer of the widow as administratrix and as general guardian. In 1873 he had collected of the moneys of the estate $2,500. On

January 3, 1873, he gave a written paper to Mrs. Segelken, acknowledging that there was due her $1,500 as guardian and $1,000 as next of kin of the two deceased children. In 1876 the widow died, leaving the plaintiff's share of these sums wholly uncollected. The decree, on final accounting directed the administratrix and guardian to pay the several shares of the children to the general guardian. In the written paper the defendant inserted a clause that the $2,500 was "payable according to a decree of the Surrogate of the County of New York." The claim, now made, that the plaintiff is not entitled to sue until he arrives at age, is untenable. The guardian had no right to lend her attorney the trust funds without security, and to postpone its repayment until the arrival of the infant of age. She probably knew nothing of the effect of the clause in reference to the decree. It would be against well settled rules of equity to permit an attorney to take an advantage of the infant in such a manner. The claim that the plaintiff has no right of action at all is equally untenable. The money was collected by the attorney for the administratrix and general guardian. He dealt with her as if she, as general guardian, held the shares derived directly from the father, as well as that portion therein which the surviving children had inherited from the deceased sisters. It was a mere matter of form how she held it. It belonged to the children, and, as belonging to the children, the defendant acknowledged his indebtedness by the writing in question. The objection seems to be a merely technical one to evade payment. As matter of fact, the plaintiff's general guardian and his guardian *ad litem* are one and the same person. The point taken by the appellant that his evidence was improperly excluded does not arise, as the evidence was stricken out without objection.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Judgment affirmed, with costs.